UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FREDERICK WILLECKE and
TARA JONES WILLECKE,

          Plaintiffs,

v.                                           Case No. 07-14676
                                           Honorable Julian Abele Cook, Jr.

MARCUS TOTH,

          Defendant.

ORDER

On October 31, 2007, the Plaintiffs, Frederick Willecke and Tara Jones Willecke, filed a complaint against the Defendant, Marcus Toth, seeking to set aside his allegedly fraudulent real estate transaction with his sister-in-law, Jody L. Toth, as authorized by the Michigan Uniform Fraudulent Transfer Act, Mich. Comp. Laws § 566.34(1)(a) (1998).[1] On May 14th of this year, the Plaintiffs filed a motion for the entry of a partial summary judgment which is now pending before this Court for its resolution.

I.

After purchasing a parcel of property at 23376 Pilgrim Street in Hazel Park, Michigan ("Hazel Park property") in 2002, the Defendant added the name of Jody L. Toth to its title. Several years later (April 7, 2006), the Plaintiffs commenced a lawsuit, in which they collectively accused

---

[1] Jody L. Toth is the wife of the Defendant's brother, John R. Toth.

1

John R. Toth, Jody L. Toth, Brent Kozel, and Accurate Appraisal of (1) fraud, (2) fraud in the inducement, (3) silent fraud, (4) conspiring to commit fraud, (5) breach of contract, and (6) innocent misrepresentation relating to their involvement in the sale of a property at 1379 Holland Street in Birmingham, Michigan ("Birmingham property").[2]

On June 13, 2006 – nearly one month after the complaint relating to the Birmingham property had been filed by the Plaintiffs – Jody L. Toth quit claimed her interest in the Hazel Park property to the Defendant in exchange for one dollar.  Believing that this was a fraudulent conveyance which was designed to circumvent Jody L. Toth's legal obligations to them, the Plaintiffs filed the instant lawsuit against the Defendant on October 31, 2007.  Nearly two years later (March 31, 2009), the Court, after concluding that the challenged sale of the Birmingham property had been fraudulently executed in violation of the Michigan Uniform Fraudulent Transfer Act, entered a summary judgment in favor of Frederick Willecke and Tara Jones Willecke and awarded them the sum of $304.393.99.[3]

II.

According to the Federal Rules of Civil Procedure, a movant is entitled to a summary judgment where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  When considering a motion for summary judgment, district courts must construe all reasonable inferences in favor of the non-moving party.

---

[2] *Frederick Willecke and Tara Jones Willecke vs. John R. Toth and Jody L. Toth, et al.,* E.D. Case Number. 06-11695.

[3] The Court granted a summary judgment in favor of Brent Kozel and Accurate Appraisal on August 23, 2007.

*Allen v. Highlands Hosp. Corp.*, 545 F.3d 387, 393 (6th Cir. 2008) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). If the moving party has met its burden of showing that there is no genuine issue as to a material fact, the non-moving party cannot merely rest on the allegations made in its pleadings. *See* Fed. R. Civ. P. 56(e). The non-moving party must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (citing Fed. R. Civ. P. 56(e)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]." *Anderson*, 477 U.S. at 252.

### III.

In their motion for partial summary judgment, the Plaintiffs rely heavily upon the testimonies of John R. Toth and Jody L. Toth whose depositions were taken in conjunction with their lawsuit involving the transfer of the Birmingham property. The Defendant, in his brief in opposition to the currently pending dispositive motion, objects to any consideration by the Court of this projected deposition testimony because, in his opinion, it is hearsay evidence that is prohibited by Fed. R. Civ. P. 32.[4]

---

[4] Fed. R. Civ. P. 32, states, in pertinent part:
"At a hearing or trial, all or part of a deposition may be used against a party on these conditions: (A) the party was present or represented at the taking of the deposition or had reasonable notice of it; (B) it is used to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying; and (C) the use is allowed by Rule 32(a)(2) through (8)."

The Defendant is correct when he argues that Rule 32 bars the use of deposition testimony as evidence wherein the party against whom it is used was not "present or represented at the taking of the deposition or had reasonable notice of it." *See* Fed. R. Civ. P. 32(1)(A). However, Rule 56(e) allows the use of affidavits that are based on the affiant's personal knowledge which set forth admissible facts to support a motion for summary judgment. *See* Fed. R. Civ. P. 56(e)(1). Moreover, depositions may be considered by the reviewing court as an affidavit - even where the deposition can not be used during at trial - in support of a dispositive motion. Wright & Miller, Federal Practice & Procedure § 2142 (1970); *see also Diamonds Plus, Inc. v. Kolber*, 960 F.2d 765, 768 (8th Cir. 1992) (quoting Wright & Miller); *Hoover v. Switlik Parachute Co.*, 663 F.2d 964, 967 (9th Cir. 1981). Thus, in so far as the proffered deposition testimonies of the Defendant's brother and sister-in-law pertain to a subject matter (1) which would be presumptively admissible during a trial in this litigation, (2) over which these deponents possess some personal knowledge, and (3) about which they are facially competent to testify, the Court may construe it as a supporting affidavit. However, it should be noted that this decision should not be construed as a final evidentiary ruling by the Court on the admissibility of the Toths' depositions during a trial on the merits of this controversy.

IV.

Here, it is the Plaintiffs belief that the transfer of the Hazel Park property by Jody L. Toth to the Defendant was fraudulent because, among other things, she conveyed her title and interest therein with an actual intent to hinder, delay, or defraud them. Notwithstanding the Defendant's opposition to the consideration of the deposition testimony of Jody L. Toth, the Court looks to the Michigan Uniform Fraudulent Transfer Act which states, in pertinent part, as follows:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation . . . [w]ith actual intent to hinder, delay, or defraud any creditor of the debtor.

Mich. Comp. Laws § 566.34(1)(a).

This Michigan statute defines a (1) creditor as a "person who has a claim," and (2) debtor as one "who is liable on a claim." § 566.31(d), (f). With regard to the issues in the instant matter, a claimant is considered to be a creditor from the date on which the tort was committed. *Hudson v. Maher*, 222 N.W.2d 47, 48 (Mich. Ct. App. 1974); *see also Farrell v. Paulus*, 15 N.W.2d 700, 703 (Mich. 1944) (date of cause of action determines status of creditor).

In their motion, the Plaintiffs maintain that there are no genuine issues of a material fact regarding Jody L. Toth's actual intent to hinder, delay, or defraud them. It is their collective belief that she (1) was aware of their lawsuit against her relating to the sale of the Birmingham property; (2) knew that her husband had filed for bankruptcy; (3) had knowledge that he was unable to pay the construction loans connected with the Birmingham property; and (4) committed fraud against them involving the sale of the Birmingham property. Contrary to the Plaintiffs' contentions, the Court does not believe that this evidence - without more - proves that Jody L. Toth possessed an actual intent to hinder, delay, or defraud them when she transferred her interests in the Hazel Park property to the Defendant. Rather, these allegations appear to be focused upon the sale of the Birmingham property. The Defendant has also proffered his own affidavit wherein he avers that his sister-in-law transferred her interest in the Hazel Park property to him in exchange for the settlement of a debt and not for the reasons that have been advanced by the Plaintiffs.

The Plaintiffs also submit that Jody L. Toth's actual intent to defraud them can also be shown through so-called "badges of fraud." The language within Michigan Uniform Fraudulent

5

Transfer Act provides that when a court is seeking to determine if the debtor did or did not act with an actual intent to defraud a debtor, it may consider any of the following:

> (a) The transfer or obligation was to an insider.
> (b) The debtor retained possession or control of the property transferred after the transfer.
> (c) The transfer or obligation was disclosed or concealed.
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit.
> (e) The transfer was of substantially all of the debtor's assets.
> (f) The debtor absconded.
> (g) The debtor removed or concealed assets.
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred.
> (I) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred.
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred.
> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Mich. Comp. Laws § 534.34(2). Although it appears that Jody L. Toth did transfer the Hazel Park property to an "insider" (i.e., the Defendant),[5] after being sued by the Plaintiffs, this fact - standing alone - does not constitute a sufficiency of evidence for the Court to declare that she possessed an actual intent to defraud them, especially in light of the statements within his affidavit.

As an additional ground, the Plaintiffs assert that the allegedly fraudulent transaction was devoid of any reasonable semblance of a fair consideration. However, in light of the Defendant's assertion within his affidavit (i.e., that the conveyance was in lieu of monies owed to him by his family), this factor does not necessarily establish an actual intent to defraud by Jody L. Toth. Likewise, the Plaintiffs, despite having asserted that she was insolvent at or about the time of the

---

[5] An "insider" is defined by the Michigan Uniform Fraudulent Transfer Act as a "relative of the debtor." Mich. Comp. Laws § 566.31(g).

conveyance of her interest in the Hazel Park property, have failed to provide any evidence to support this allegation. Rather, their evidence consists of (1) the bankruptcy status of the Defendant's brother, (2) his inability to pay a construction loan, and (3) his sister-in-law's contention that she was unemployed during the relevant time period.[6]  However, it should be noted that Jody L. Toth also opined in a deposition - without opposing proof to the contrary - that her family was able to pay their bills and day-to-day expenses.  *See* (Jody Toth Dep., 116:19-21; 117:10-14, March 24, 2007.)  Finally, the Plaintiffs have also failed to present any evidence upon which to substantiate their claim that Jody L. Toth concealed the transfer of the Hazel Park property.

Thus, based on the evidence that has been presented by the parties, the Court concludes that there is a genuine issue of a material fact as to whether Jody L. Toth possessed an actual intent to hinder, delay, or defraud the Plaintiffs.  Accordingly, the Plaintiffs' request for the entry of a summary judgment in their favor as to this cause of action must be denied.

V.

The Plaintiffs also assert that the act of transferring her interest in the Hazel Park property by Jody L. Toth to the Defendant was fraudulent , pointing out that she did not receive a reasonably equivalent value in return.  In order to assess the merit of this contention, the Court turns to Section 566.34 of the Michigan Uniform Fraudulent Transfer Act which states, in relevant part:

> A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation .

---

[6] During a hearing before the Court on this matter, the Plaintiffs - without any advancing any legal authority, asserted that a person's procurement of a loan is indicative of her insolvency. The Court disagrees.

7

> . . [w]ithout receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor . . . :
> (ii)  Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Mich. Comp. Laws § 566.34(1)(b)(ii).  Further, "[v]alue is given for a transfer or an obligation if, in exchange for the transfer or obligation, property is transferred or an antecedent debt is secured or satisfied [and] does not include an unperformed promise made otherwise than in the ordinary course of the promisor's business to furnish support to the debtor or another person."  § 566.33(1).

Although the Michigan Uniform Fraudulent Transfer Act does not define "reasonably equivalent value," it has adopted the concept used in the Federal Bankruptcy Code which is used to assist bankruptcy courts in evaluating this issue.  *See* Mich. Law & Practice, Fraudulent Conveyances, § 21; Jeffrey LaBine, Michigan's Adoption of the Uniform Fraudulent Transfer Act, 45 Wayne L. Rev. 1479, 1501 (1999).  Under the Bankruptcy Code, the determination of "reasonably equivalent value" requires (1) a finding as to whether the debtor received value, and (2) whether that which the debtor gave up is reasonably equivalent to what she received. *Grochocisnky v. Reliant Interactive Media Corp.*, 322 B.R. 836, 844 (N.D. Ill. 2005).

Although Jody L. Toth's quitclaim deed indicates that the consideration for the transaction at issue was only one dollar, the Defendant's affidavit indicates that he received his sister-in-law's interest in the Hazel Park property as an extinguishment of an antecedent debt.  According to the Defendant, he and the Toths collectively agreed that they would collectively make improvements on the property and, thereafter, sell it for a profit. However, the Defendant avers that when this joint venture plans did not materialize, he agreed to accept Jody L. Toth's interest in the Hazel Park

property in exchange for her indebtedness - and that of her husband - to him.[7] With recognition that the Michigan Uniform Fraudulent Transfer Act takes into account an antecedent debt owed by the debtor, and based upon the affidavit of the Defendant, there is a genuine issue of a material fact as to whether his sister-in-law received a reasonably equivalent value for her interest in the property. *See Grochocisnky*, 322 B.R. at 844 (circumstances surrounding transaction dictate whether reasonably equivalent value has been given).

The Plaintiffs also assert that Jody L. Toth should have known that she would incur debts which could not be satisfied by her. However, even assuming that the Plaintiffs have shown that she did not receive a reasonably equivalent value in return for her interest in the Hazel Park property, Jody L. Toth made it clear in her deposition that family bills were being satisfied. Thus, this is a factual issue which is contested and must be decided by the trier of fact.

VI.

The Plaintiffs also submit that they are entitled to a summary judgment as to their claim of constructive fraud. Section 566.35 of the Michigan Uniform Fraudulent Transfer Act states:

> (1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.
> (2) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent

---

[7]The Defendant also submits that (1) no financial contribution was made by Jody L. Toth toward a down payment for the purchase of the Hazel Park property, (2) over seventeen thousand dollars has been invested into the house by him, (3) he has paid all of the property taxes, and (4) Jody L. Toth made the mortgage payments during the sixth month period in which she and her husband resided in the house. Moreover, the Defendant also asserts that he extended a loan to the Toths in the sum of thirty thousand dollars.

9

>   debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent.

Mich. Comp. Laws § 566.35. A debtor is considered to be insolvent under the provisions if the Michigan Uniform Fraudulent Transfer Act "if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation." § 566.32(1). Additionally, a "debtor who is generally not paying his or her debts as they become due is presumed to be insolvent." § 566.32(2). A determination of insolvency is "based upon the value of the assets and the liabilities as they existed prior to or as a result of the challenged transfer." *In re Otis Edwards, P.C.*, 115 B.R. 900, 911 (E.D. Mich. 1990) (citing *Otte v. Landy*, 143 F. Supp. 893, 898 (E.D. Mich. 1956), *aff'd*, 256 F.2d 112 (6th Cir. 1958)).

Strikingly similar to their arguments with respect to other causes of action under the Michigan Uniform Fraudulent Transfer Act, the Plaintiffs maintain that (1) their claim arose before Jody L. Toth conveyed her interest in the Hazel Park property to the Defendant, (2) no reasonably equivalent value in exchange was ever received by her, and (3) she was insolvent at the time of the title transfer. These contentions must fail for a number of reasons. First, as discussed above, there is a genuine issue of a material fact as to whether Jody L. Toth received a reasonably equivalent value in exchange for her interest in the property. Second, the Plaintiffs have not satisfied their burden in establishing - as a matter of law - that Jody Toth was insolvent at the time of the transfer or became insolvent as a result of the relinquishment of her title. Significantly, although the Michigan Uniform Fraudulent Transfer Act presumes that a debtor who is unable to pay his debts when due is insolvent, Jody L. Toth, through her deposition testimony, has generally discounted this argument and, by doing so, has developed a genuine issue of a material fact. Finally, although Jody L. Toth did convey the Hazel Park property to an insider (i.e., her brother-in-law), there is a

genuine issue of a material fact as to whether the Defendant had reasonable basis upon which to conclude that she was insolvent. The Plaintiffs maintain that the Defendant's loan to his brother and sister-in-law should have alerted him that the Toths were insolvent. Notwithstanding this assertion, the Defendant maintains in his affidavit that he had no knowledge of the Toths' financial situation or of issues relating to their solvency. Following a review of the proffered evidence, the Court concludes that the Plaintiffs have not established - as a matter of law - that the Defendant knew or should have known of the Toths' alleged insolvency, especially where his sister-in-law's financial situation is a matter that continues to be in contention.

Therefore, the Court denies the Plaintiffs' motion for summary judgment with respect to their constructive fraud claim.

## VII.

Finally, the Plaintiffs argue that in a situation such as in this case (i.e., fraudulent conveyance), the transaction should be declared to be null and void. According to them, this requested declaration by the Court will enable each of them to receive various forms of relief under the Michigan Uniform Fraudulent Transfer Act. However, the Plaintiffs' request for relief is - at best - premature at this juncture in the litigation in light of their inability to prevail on the now-resolved motion for a summary judgment.

## VIII.

Accordingly, and for the reasons stated above, the Court must, and does, deny the Plaintiffs' motion for partial summary judgment.

IT IS SO ORDERED.

Dated: September 30, 2009                         S/Julian Abele Cook, Jr.
      Detroit, Michigan                         JULIAN ABELE COOK, JR.
                                                       United States District Court Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2009.

                                                        s/ Kay Doaks
                                                        Case Manager